# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-192


**LATASHIA V. PEREZ, BOTH INDIVIDUALLY AND ON BEHALF OF UNBORN CHILD OF TRAVIS CHIOKAI (DECEASED)**

**VERSUS**

**IRBY CONSTRUCTION COMPANY, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 03
PARISH OF CALCASIEU, NO. 17-07615
HONORABLE DIANNE MARIE MAYO, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of, Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.


**WRIT DENIED.**

**John J. Rabalais**
**Janice B. Unland**
**Rabalais Unland**
**1404 Greengate Drive, Suite 110**
**Covington, LA 70433**
**(985) 893-9900**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Irby Construction Company**
    **Old Republic Insurance Company**


**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Latashia V. Perez**
    **Latashia V. Perez, o/b/o Unborn Child**

**GREMILLION, Judge.**

Applicants, Irby Construction Company and Old Republic Insurance Company, seek supervisory review of the decision of the workers' compensation judge's (WCJ) failure to maintain their exception of no cause/right of action. For the reasons that follow, we deny Applicants' writ application.

## FACTS AND PROCUEDRAL POSTURE

Travis Chiokai was killed on November 7, 2017, in a work-related accident. At the time, Mr. Chiokai was not married, but was romantically involved with Latashia Perez, who filed a Disputed Claim for Compensation seeking death benefits on her own behalf and on behalf of her then-unborn child. The child was born and confirmed by DNA testing to be the child of Mr. Chiokai. The child has been paid death benefits. Applicants contested benefits for Ms. Perez on the basis La.R.S. 23:1253, which bars death benefits to the deceased employee's "concubine." Applicants filed an exception of no right/cause of action, which the WCJ denied. This application followed.

## ANALYSIS

Death benefits pursuant to the Louisiana Workers' Compensation Act are determined by La.R.S. 23:1231, which provides:

A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.

B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.

(2) If the employee leaves no legal dependents, whether biological or adopted, entitled to benefits under any state or federal compensation system, one lump sum payment of seventy-five thousand dollars shall be

paid to the employee's surviving biological and adopted children who are over the age of majority, to be divided equally among them, which shall constitute the sole and exclusive compensation in such cases.

(3) If the employee leaves no dependents entitled to benefits under Paragraph (2) of this Subsection, one lump sum of seventy-five thousand dollars shall be paid to the surviving biological and adopted children of the employee to be divided equally among them, which shall constitute the sole and exclusive compensation in such cases. If the employee leaves no legal dependents and no biological or adopted children entitled to benefits under any state or federal compensation system, the sum of seventy-five thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.

The Disputed Claim for Compensation filed by Ms. Perez merely alleges that Mr. Chiokai was killed in a work-related accident and that she and her unborn child are entitled to death benefits. Applicants filed an answer generally denying Ms. Perez's allegations. Later, they filed a peremptory exception of no cause/no right of action in which they alleged that Ms. Perez and Mr. Chiokai were never married. Ms. Perez opposed the exception, arguing that she was entitled to the difference between the death benefit, which was owed to her daughter, and the maximum workers' compensation rate under La.R.S. 23:1232(8). She also argued that the terms of La.R.S. 23:1253 did not apply because her child is the blood relative of the deceased worker.

No evidence was adduced at the hearing on the exception. Thus, whether Ms. Perez occupied the position of concubine, which was the burden of proof imposed on Applicants in their exception, was not demonstrated. We do not need to reach the question of whether, as concubine of Mr. Chiokai and the mother of his child, Ms. Perez is entitled to death benefits despite the language of La.R.S. 23:1253, because it was not proven that she was his concubine.

**WRIT DENIED.**

2